IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTROINE HORNBUCKLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOM MALAY and PRIME CARE, )<br>)<br>Defendants. )<br>) | Civil Action No. 15-194 J<br>Chief Magistrate Judge Maureen P. Kelly |

## ORDER

Plaintiff filed a Complaint in this case on August 27, 2015. ECF No. 6. Defendants Tom Malay and Prime Care filed a Motion to Dismiss for Failure to State a Claim and Brief in support thereof on November 4, 2015. ECF Nos. 14, 15. This Court issued a Scheduling Order on November 5, 2015, directing that Plaintiff's response to the Motion to Dismiss for Failure to State a Claim was due on or before November 27, 2015. ECF No. 16. No response was filed.

On December 7, 2015, this Court issued an Order to Show Cause as to why the case should not be dismissed for failure to file a response to Defendants' Motion to Dismiss by November 27, 2015. ECF No. 17. This Court directed that Plaintiff's Response to the Order to Show Cause was due by Monday, December 28, 2015. Id. The Court advised that failure to respond to this Order to Show Cause by December 28, 2015, would result in the Court's dismissal of the case for failure to prosecute. Id. The copy of the Order mailed to Plaintiff at his address of record was returned to the Court with the notation that Plaintiff was not at that address. As of this date, Plaintiff has still failed to file any response to the Orders of this Court.

The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors indicates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders and failure to notify the Court of his change of address so that the case could proceed. These failures appear to be willful and constitute a history of dilatoriness. Thus, these factors weigh heavily against Plaintiff.

With respect to the second factor, the sole prejudice to Defendants is general delay.

The sixth factor, the meritoriousness of the claim, weighs neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's

orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take. Mindek, 964 F.2d at 1373.

AND NOW, this 5th day of January, 2016, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/Maureen P. Kelly
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Antroine Hornbuckle
　　 15-1073
　　 Cambria County Prison
　　 425 Manor Drive
　　 Ebensburg, PA 15931

　　 All counsel of record via CM/ECF